

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,526-01

### EX PARTE EARL DAVIS WILLIAMS, JR., Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 16CR-077-1 IN THE 349TH DISTRICT COURT FROM HOUSTON COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of aggravated assault on a public servant, one count of unlawful possession of a firearm by a felon, and one count of evading arrest. He was sentenced to fifty-five years on the aggravated assault counts, ten years on the possession of a firearm count, and seven years on the evading arrest count. The Twelfth Court of Appeals affirmed his conviction. *Williams v. State*, No. 12-16-00325-CR (Tex. App.—Tyler June 29, 2018)(not designated for publication).

Applicant contends that he was denied due process and denied his right to file a petition for

discretionary review when retained counsel filed a motion for extension of time to file in the wrong cause number. This Court granted an extension of time to file the petition for discretionary review on July 16, 2018. At that time, the Court stated that no further extensions would be entertained. When no petition was filed on the due date, the mandate issued in Applicant's appeal.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order appellate counsel to respond to Applicant's claim of ineffective assistance of counsel on appeal. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant's retained counsel for petition for discretionary review filed a motion for extension of time in the wrong cause number. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall

be forwarded to this Court within 120 days of the date of this order. Any extensions of time must

be requested by the trial court and shall be obtained from this Court.

Filed: February 27, 2019
Do not publish